119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mauricio SANCHEZ,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70004.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997.
Decided July 21, 1997.
 
 Before: REAVLEY,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mauricio Sanchez, a citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his applications for asylum and withholding of deportation (8 U.S.C. §§ 1158(a) & 1253(h)). Sanchez argued that he was persecuted on the basis of an imputed political opinion and for membership in a social group. We deny the petition.
 
 
 3
 A threat of persecution may come from a group that the government is unwilling or unable to control. See Arteaga v. INS, 836 F.2d 1227, 1231 (9th Cir.1988). For the purposes of this disposition, we assume that can include drug traffickers. See Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996). However, the persecution must be on account of one of the enumerated grounds. See INS v. Cardoza-Fonseca, 480 U.S. 421, 427-30, 107 S.Ct. 1207, 1211-13, 94 L.Ed.2d 434 (1987); Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996).
 
 
 4
 A petitioner must produce some evidence of the motive of his persecutors because the statute makes motive critical. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816-17, 117 L.Ed.2d 38 (1992). Because Sanchez is unsure of the identity of those who detained him, he can only speculate as to the motive for their actions. Even assuming that his captors were drug traffickers, he failed to show that his mistreatment was because of a political opinion, rather than because of his refusal to transport drugs for them. Cf.id. at 483, 112 S.Ct. at 816 (petitioner must show that guerillas will persecute "because of [his] political opinion, rather than because of his refusal to fight with them").
 
 
 5
 His allegation of persecution on the basis of his deafness fails for the same reason. Even assuming that deaf persons are cognizable as a social group, Sanchez did not establish that he was persecuted because he was deaf rather than because he refused to carry drugs.
 
 
 6
 Drug traffickers in Colombia perpetrate acts of crime and terrorism on the general population. No doubt they sometimes seek aid from those who are attractive candidates for one facinorous function or another. They contacted Sanchez because he was deaf. However, the BIA determined that he did not show persecution on the basis of an enumerated ground. The evidence presented did not compel a contrary conclusion. See id. at 483-84, 112 S.Ct. at 817.[1]
 
 
 7
 PETITION DENIED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because he does not qualify for asylum, he does not meet the higher standard required for withholding of deportation. See INS v. Stevic, 467 U.S. 407, 413, 104 S.Ct. 2489, 2492, 81 L.Ed.2d 321 (1984); Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995)